831 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Warren JACKSON et al., Plaintiffs-Appellants,
v.
Mike GARDNER, Sheriff, and Keith Westmoreland, County
Executive, Defendants- Appellees.
 No. 87-5182.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1987.
 
 Before CORNELIA G. KENNEDY, MILBURN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from an order of the district court setting aside a consent order the court had entered on June 24, 1986.
 
 
 2
 The consent order adopted an agreed settlement of the parties concerning conduct to be undertaken by the defendants in the administration of the county jail, in such areas as discipline, health care, and fire prevention. Included were provisions for monitoring compliance by defendants with the order, including the submission of reports and conduct of unannounced inspections for a period of twelve months after prisoners were transferred to a new jail. Apparently, it was expected that the jail would be completed in October of 1987.
 
 
 3
 Following a trial to the court, on June 25, 1986, of the issues remaining, those of overcrowding and fire safety, the district court concluded that conditions of confinement in the county jail were unconstitutional. On July 2, 1986, the district court filed an order directing defendants to take corrective measures, such as reducing the inmate population of the main jail to 100 within ninety days, and to seventy within 180 days, providing recreation and visitation opportunities for inmates, communicating fire escape plans, and closing the workhouse within ninety days and replacing it with a temporary prefabricated metal building that complied with state jail standards.
 
 
 4
 On November 14, 1986, defendants filed a motion "pursuant to Rule 60(b) Federal Rules of Civil Procedure ... to vacate the Consent Order heretofore entered ... on ... June 24, 1986." The motion was accompanied by the affidavit of the defendant sheriff, who said that he had complied with the district court's order of July 2, 1986, and that he would "see to it that the Sullivan County Jail, the temporary trustee facility and the new Sullivan County Jail is run, operated and maintained in accordance with the United States Constitution and the laws of the State of Tennessee."
 
 
 5
 Following a response from plaintiffs opposing the motion, the district court, on February 6, 1987, set aside the consent order of June 24, 1986, on the basis that it appeared to the court that "defendants have complied with the Court's Order of July 2, 1986, and ... that the defendants are now complying with the dictates of the laws of Tennessee and the Constitution of the United States."
 
 
 6
 Relief from judgment may, of course, be granted where the judgment has been satisfied or it is no longer equitable that the judgment should have prospective application, or where there is another reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b)(5) and (6). However, a trial court risks abusing its discretion when it sets aside a valid judgment, in the face of opposition from the party in whose favor the judgment was entered, without making appropriate findings following a hearing and stating a rational basis for its actions.
 
 
 7
 Here, there was no evidence before the trial court that defendants had complied with the directives found in the June 24, 1986 consent order--indeed, some could not be complied with for months in the future. Although the sheriff said that he had complied with the order of July 2, 1986, that order called for corrective measures distinctly different from those found in the consent order. And, as conceded by defendants' counsel in their memorandum supporting the motion to vacate, the time had not yet run for compliance with the final population reduction called for in the July 2 order.
 
 
 8
 In view of the foregoing, the order of the district court, dated February 6, 1987, is vacated, and this cause is remanded to the district court.